We'll now move to the last argument on the calendar for today. That's United States v. Reyes-Batista. We only have the appellee arguing. Mr. Chen, you're on the line. I see you. Can you hear me and see me? Yes, Your Honor, I can. Can you hear me? Yes, we can hear you. Thank you. Before we start, let me just ask Judge Bianco to speak because your volume went down markedly, Judge Bianco. How about now? It's still much more muted than it was before. Before you were clear as a bell. I didn't touch anything. I don't know what happened. It's centralized. It's not my fault. All right. Well, you're audible, but it's just not as clear. So when you do speak, we'll make sure that we listen close. All right. Mr. Chen, you've got 10 minutes, I think we said, right? Yes, Your Honor. OK, go ahead. May it please the court. AUSA Hal Chen for the United States and the District of Connecticut. I'm the last of the day. I will be brief. The district court did not abuse its discretion in finding no Sixth Amendment violation here because, as the court found, the defendant caused the delays. As Judge Underhill, Chief Judge Underhill specifically found, the record showed that the defendant did not want a speedy trial, but rather took steps to repeatedly delay his trial. He terminated his first four lawyers, usually when trial was imminent. In April 2017, he pushed the third lawyer out after a firm trial date was set. In April 2018, he had the fourth lawyer get out days after the first jury was selected. And in May 2019, he tried to fire the fifth lawyer after the second jury was selected. And Chief Judge Underhill made detailed findings in this respect. The record also shows that the defendant engaged in prolific motion practice and either moved or consented to 20 plus continuance or enlargements. Secondly, there was no cognizable prejudice that would meet the Barker standard, nor was there an assertion of the speedy trial right with the vigor and frequency as required by this court's precedence. In effect, the defendant was causing the district court and the government to constantly react to his dilatory tactics. If your honors have no other questions, the government will rely on the second and third points. The government respectfully submits that the Gaskin case from 2004 and the Adekambi case, more recent vintage, control the second and third issues brought by the defense in this case. And if your honors have no further questions, I'll reserve and rest on my papers. Any questions on the panel? All right. Thank you. We'll reserve decision. That concludes our arguments on the calendar for today. We've got two other cases on submission, one that was argued yesterday. So we will adjourn court before that. Let me just thank Ms. Rodriguez, our courtroom deputy, and the technical folks who made this work beautifully today. This was the way it's supposed to go. And we're fortunate to have the people who can make it happen. So, Ms. Rodriguez, you may adjourn court. Court stands adjourned.